Good morning. I'd like to reserve two minutes for rebuttal, and I will monitor my own time. May it please the Court, this appeal turns on one critical issue, and that is whether the mall's state law claims for trespass and private nuisance are preempted by Section 303 of the LMRA simply because the union was engaged in a secondary boycott when it invaded the mall's private property. Counsel, let me start right there. Is it relevant to our purposes here that the union was engaged in a secondary boycott? The parties seem to agree that that may be true. Does that have anything to do with the question of nuisance and trespass? It does not, Your Honor, because So whether it's a primary boycott or a secondary boycott is irrelevant. It could have been a perfectly lawful primary boycott, and you would still be here on a nuisance and trespass claim. We would, we would, because the issue, and that's the issue we have, is that the state law claims are completely different, and resolution of the state law claims are completely different than resolution of the claim under the LMRA, and that's because the objective of the picketing is not relevant and wouldn't be decided if the mall had to go to proceed under federal court under the LMRA. But your original complaint includes in its background, as well as some of the exhibits, the context that makes reference to the purpose of the complaint, of the picketing. The complaint makes reference to the purpose of the picketing to show, and I believe that Your Honor is addressing the letter that was attached as an exhibit to the complaint. The reason that that document was attached was to show that the picketing was going, the intention of the union to continue the picketing unless it was removed. So that was to show, to satisfy the element for, to obtain injunctive relief. What did the union have done without violating your time, place and manner rules? What kind of picketing could they have accomplished, secondary or not? They could have engaged in leafleting in the common areas had they complied with the time, place and manner rules. And how far is the common area from the store in question? The common area is throughout the entire mall. There are certain private aprons in front of the stores that are a few feet that come out, that's not the common area, but the majority of the mall is common area. So you're saying they could have leafleted very close in proximity to the location? Yes. In fact, that is required under state law to allow anybody engaging in expressive activity to be within visual and oral range of its target. Would the picketing or leafleting have been only in permitted locations? You do have something here that qualified labor activity may go in, I'm sorry, you have both designated areas and permitted locations. Correct. And a permitted location is one that's unique to labor activity? Permitted location at the time that the rules were in effect, it was unique to union activity because union activity is entitled to have a closer location to the target. There's been a reconciliation in state law that allows now everybody who's engaging in activity to be within visual and oral range of their target. But the union would have been permitted to be near the target of its protest, which was Urban Outfitters, a tenant in the mall. And we believe that the Supreme Court's ruling in Sears is directly on point here because it permitted a state court cause of action for trespass to proceed under the exact same circumstances here. And the union believes that Morton should control. Morton predates Sears. If we agree with you, counsel, what is it that you're seeking? What is it you're asking us to do? We want you to vacate the judgment of the district court and remand the matter to state court. Now, why does it have to be remanded to state court? Because the court, the district court has already dismissed all of the federal claims. Okay, but that, you still, he still had, he had appropriate federal jurisdiction because you pled 303 in your second amended complaint. We pled that, we were instructed to plead that there were, that there were three, three. But you pled it, so you're not challenging the district court's jurisdiction. Now that the 303 claim has been dismissed, we have pendant law state claims, and we think you're within your prerogative to remand us to state court. Okay, but being within our prerogative is different from instructing the district court to remand it to state, to state court. In other words, the district court under 1367 would have discretion as to whether it remanded it to state court or not. Isn't that right? You just want, you just want your state court claims to proceed. We do, we do. And those can proceed in federal court, or they can proceed in state court, and that would be left to the discretion of the district court. That's fine, Your Honor. We just want the state court actions, the state court claims to proceed. There is a claim of waiver, having pled in your second amended complaint the 303 claim expressly, or at least invoking it jurisdictionally. And you say that you were ordered to do so. Where in the record did the court actually order you to add, are you saying that's implicit or an explicit order? That was, we believe, implicit. Implicit. But we were told that we had, that we were going to remain in federal court and that we were going to have a section 303 claim. We pled the section 303 jurisdiction to describe, essentially to describe the allegations, but we always maintain state claims for trespass, private nuisance, and an injunctive relief claim. Could you not have more narrowly pled in your first amended complaint effort to avoid 303 preemption problem? I know you tried. We tried. And the court found that it was still inextricably tied because it reached the same conduct, but couldn't you have done more to narrow that to get out of 303? Perhaps. We certainly could have, in hindsight, narrowed the pleading, but we certainly tried to follow the court's instruction and to plead only a state law claim for trespass. And if you look at the allegations in the Sears complaint, ours are very similar to what was in the Sears complaint before the Supreme Court where they permitted a state court cause of action. But we think waiver wouldn't be, shouldn't be an issue here because we didn't, we pled in state court initially. It wasn't resolved on the merits. We didn't litigate. We dismissed as soon as we can. There wasn't significant discovery done. And this case, we believe, involves an important issue of state law that needs to be resolved regarding the ability of the law. At this point, if we agreed with you and remanded this to the district court for further proceedings, your 187 claim is just gone. Is that right? You're not renewing that. You're not going to bring a secondary boycott claim under the LMRA. We are not. We never intended to pursue an LMRA claim. We want a state law claim. Do you concede that there are limits to what can be regulated under state law in terms of picketing that would begin to interfere with the exercise of rights under 303 or the regulation of rights under 303? I mean, it's a matter of degree, isn't it? Well, we believe that there are state law claims that address the location of the picketing. And that was what we were seeking to address. The extent of the picketing could take place in the manner that the union was engaging in it on public property or outside the mall. We were not seeking to restrict the actual conduct of the picketing, just the location. So I think that the state law does address secondary activity or picketing activity to the extent that it addresses where it can occur. But it's certainly theoretically possible that state law at some point could interfere with the scope of secondary picketing that is permitted or addressed by Section 303. For instance, if we weren't in a state that didn't have Prunier or Ralphs and then allowed the shopping center owner to say, no, if you're going to have a picket, you've got to go out the sidewalk three blocks away, which effectively would bar the effectiveness of any picket, wouldn't that begin to interfere with the 303 analysis? No. In fact, I think that that's consistent with the 303 analysis because under it, state law controls where it can occur. So if you're in a state that's not Prunier, they can be outside the mall and they're governed by federal law, and the federal law or Section 303 doesn't give them the right to come onto the private property. Section 303 gives them the right to engage in certain picketing that has an objective that is consistent with the Act. But state law just addresses where that can occur. It doesn't restrict it unnecessarily under the Act. I believe that, unless you have any other questions, my time is up, and I'll reserve the rest for rebuttal. Okay. We've taken quite a bit of your time. I'm going to allow you at least two minutes on rebuttal. Okay. Thank you. May it please the Court, my name is Julianne Marzoyan of DiCarlo and Shanley, representing the Appalese defendants in this case. This is an appeal of the lower court's order granting the Appalese a motion to dismiss on the ground that the second amended complaint, which is the operative complaint for purposes of a Rule 12b6 motion to dismiss, is preempted by Section 303 of the Labor Management Relations Act. The lower court's orders are correct because the second amended complaint, it affirmatively alleges that the entire complaint is brought pursuant to Section 303, and because the allegations in that complaint amount to allegations of secondary boycott activity. Well, it's pretty clear that the causes of action don't, in fact, there's not a single one of those that's brought under Section 303. If you look at the causes of action, it's only the district court deemed them to be. Your Honor, Paragraphs 9 and Paragraphs 11. And Paragraph 9 specifically says that we are seeking damages for an illegal secondary boycott engaged in by the defendants. And in Paragraph 11, they reiterate that this is a federal claim. That was the jurisdiction, but the causes of action themselves were all only stated state law grounds. It's a little disjointed. It's a little jarring because I agree with you that Paragraph 9, which is what they added to the second amended complaint. Your Honor, not only that, but they incorporated Paragraphs 9 and 11 into each and every state claim. Did they have to do that? They didn't have to do that. The appellant here apparently – The federal claims have now been dismissed, and they were dismissed voluntarily, and they've been dismissed with prejudice. And counsel told us today they have no interest in pursuing any of those claims. So you win. Congratulations. The question is whether they also have a state law claim for nuisance and trespass. Your Honor, the state law claims, they still have Section 303 incorporated into them. Well, let's cut it out. Let's excise it. Okay. They brought claims for nuisance and trespass, which do not require pleading of 303 under California law. So if you have a nuisance and trespass law, why doesn't that bring this within Sears? Your Honor, that would be granting the appellant a remedy it did not ask for in the lower court. They could have asked in their opposition to our motion to dismiss the second amended complaint. They could have said, we made a mistake. Could we please get a chance to draft a third amended complaint? They didn't do that. And if this was a mistake on the part of the attorney in drafting the complaint, they could have attached a declaration from the attorney saying I did not intend to incorporate Section 303. What could the shopping center have done? What kind of state court or state claim relief could they have sought, in your view, without running into a Section 303 problem? Well, for one thing, they could have not alleged Section 303 specifically. They could have not incorporated that into each and every state claim. They could have not styled their allegations as allegations of aid before conduct with several paragraphs in the complaint complaining of a secondary objective. So if they stripped the complaint with any reference to the objective of the picketing and any reference to 303 and just simply sought to enforce its time, place, and manner restrictions consisting of Cunard and Rouse, that would have been okay? That would not run afoul of 303? No, Your Honor, because the mall's rules themselves, they attempt to regulate aid before conduct. They say, and it's quoted in I believe paragraph 14 of the second amended complaint, essentially it says that participants, they are not allowed to carry posters with sharp edges. That's referring to a picket sign. Or that they're not allowed to protest in any intrusive way. The mall itself ---- Those rules would be applied by the mall even if it wasn't a labor union. Cunard involves students trying to collect signatures on a petition. If they were carrying signs with sharp edges, that would have been prohibited under the mall's rules, and they're not a union. So the sharp edges doesn't have anything to do with unions. It may affect the way the union wishes to conduct its picket, but those are neutral rules. That's just a time, place, manner restriction. Your Honor, as applied in this case, this is an attempt to control secondary boycott activity, which certainly malls are entitled to attempt to control secondary boycott activity, but there's restrictions. If they want to style a complaint with a secondary objective, with coercive conduct, and they want damages for it, they have to allege a Section 303 cause of action. If they want injunctive relief for that, they have to go to the NLRB, and that is stated in pursuant to Section 29 U.S.C. 160. But not allege state claims, not allege a Section 303 claim and label it a state claim. Is it your view? Counsel, Judge Gould, if I could ask you one question, please. When you say that the 303 claims were incorporated by reference in the state law claims, was this with explicit descriptive language, or is this just because the complaint had the 303 claim earlier, and then in the later claims it was a standard format where they say the allegations of paragraphs such and such above are realleged? So they're incorporating by reference, but really as background. Your Honor, as I indicated earlier, and this is language that is very common in complaints, but if this had been a mistake by an attorney, we didn't intend to ‑‑ if they had said in the opposition to the motion to dismiss the second amended complaint, we're really surprised that that's how the defendants read this, that they read this as ‑‑ I understand you're arguing that they didn't ask for an amendment, and that's a different remedy that they didn't seek, but I just want a straight answer to my question. Is the incorporation of the 303 claim in the trespass claim, is it by that kind of we reallege what's said above language? Yes, that's correct. It's in those paragraphs, the first paragraphs of the state claims. They incorporate prior paragraphs. That is how they do it, yes. Okay. Counsel, I'm looking at paragraph 9. The second sentence in paragraph 9 says plaintiff further brings this action pursuant to state‑based property laws. So if they're incorporating paragraph 9, it's clear that they're also incorporating the second sentence, which says we're also bringing state claims, which are different from 303 claims. Your Honor, they're also incorporating the first sentence of paragraph 9. I agree. You won that one. But the question is under Sears, and I haven't heard an answer yet to the Sears question. Sears suggests that there are state remedies in addition to whatever remedies the federal labor laws may provide. In some circumstances, yes, Your Honor, there are. But the problem here is that section 303 is an exclusive remedy for the peaceful conduct. One cannot say section 303 is going to be a predicate for the state claims. It's not allowed. Just like section 301 of the LMRA, just like the duty of fair representation. I have a question about that because at least I guess it's the Seventh Circuit has analogized 303 to 301, and a number of courts have as well for preemption purposes. But when I read the language of section 187, which is 303, the jurisdictional language, subsection B, says that you may sue in any district court of the United States subject to limitations, et cetera, or in any other court having jurisdiction of the parties. And that last phrase does not find itself in 301. So I'm curious what that means. Doesn't that imply concurrent jurisdiction? Your Honor, what that means is if somebody, they want to allege a section 303 cause of action, they can do that either in state court or federal court. But the cause of action needs to be a 303 cause of action, not with state law. Well, that suggests then there's not what's called complete preemption, which would authorize removal. That was the basis here, that there was a finding of complete preemption, correct? Yes, Your Honor. That's the only way you get removal into federal court, because in the face of a complaint and not alleged, you have to find acceptance to the well-pleaded complaint rule. And if you are conceding that there is not complete preemption, field preemption, then I'm not sure how this case got removed in the first place. Your Honor, there is a complete preemption. Morton says that this is an exclusive cause of action. The SMART case, the BENK case that we cited, this is a complete preemption. The language I quoted, do you have some explanation what it means when it says or any other court having jurisdiction? Can it refer to anything other than a state court? I think it refers to a state court. Your Honor, I don't think it refers to a state court. I don't think it refers to a state court. And again, Section 303 can be brought in state court or in federal court. How could you ever get it in state court? It can always be removed. You can only bring it in state court if both parties consented to keeping it in state court. Is that right? Your Honor, the defendant is, if it chooses to remove, it may remove. But the plaintiff could have filed a Section 303 cause of action in state court as well. I'd still like an answer to my question as to how do you reconcile the Seventh Court's decision in Sears. In Sears, Your Honor, Section 303 preemption was not argued. It was a garment preemption case. And within the scheme created by Congress, Congress said, yes, for AB4 conduct, if a person is damaged in their business or property, they do have a private cause of action. So it is an exception to the exclusive jurisdiction of the NLRB. But this is the exclusive remedy. And one cannot get injunctive. So in Sears, the problem was they just didn't argue it. But if that argument had been presented, then the court would have said, well, obviously there's no trespass or nuisance claims under Illinois law. Your Honor, no. There's also significant differences between the complaint in Sears, which I believe is not properly before this Court, and the second amended complaint. For instance, they do not ask for damages. So that does not make it look like a Section 303 claim. They do not allege a secondary objective. There is an objective of interfering with the mall's business, but there is no mention of this person is a primary, this is a secondary. The location was within this portion of the mall, but not within another portion of the mall. So there's no secondary objective. There's also a complaint as to the conduct of the complainants that they were picketing, and they were picketing without permission. But here there's a whole bunch of allegations about the conduct, the threatening, the harassment, all of the adjectives that they used. It really does look like an attempt to bring forth a Section 303 cause of action, but label it a state cause of action. Okay. Thank you very much, counsel. Let's put two minutes back on the clock. I'd like to just address a few points raised by counsel unless you have any further questions. I do have one. Why was the 303 reference in the second amended complaint made? I mean, if you didn't intend to invoke the jurisdiction based on 303, why say so? It was a result of the ruling on remand, and that we were going to stay in federal court under Section 303 jurisdiction. We wanted to maintain and we always tried to maintain the state law claims because we believed that we could pursue those. But we believed that we were stuck in federal court. That's why when they moved to dismiss. Because the union always construed the second amended complaint as setting forth state law claims because they moved to dismiss on that basis, and it was grounded, at which point we dismissed and appealed because we believed that we were properly in state court under state law claims, properly pled pursuant to Sears, and that that's where we intended to be. And I just want to point out that Morton and Sears coexist. The fact that Smart, the Seventh Circuit, followed Morton is not necessarily surprising, although I believe that the analysis was not exactly clear, but there's an overlap between those claims. That's an intentional interference claim. Let me ask you about Sears. Wasn't a critical component to the court's reasoning in Sears was that the whole issue was what is the risk of an erroneous state tribunal making that would interfere with federal policy, federal labor policy, and the court found in part that that risk was minimized because the union had some options. If they didn't like state court, they could invoke the jurisdiction of the NLRB. They had sort of a safety valve. What's that safety valve here? If you were to bring a traditional trespass, nuisance action to state court, is there an analogous safety valve to prevent state court erroneous interference with federal policy? What could the union have done? They could have gone to the board. And like Sears, they could have brought an action in federal court for a violation of the LMRA. They could have sued our client under their federal remedies. But where I think we're similarly situated to Sears as well is that in Sears, the court noted that Sears could not go to the NLRB. Only the union could. And we, and that's what we pointed out to district court, the mall could not go to the NLRB either because it doesn't have the ‑‑ it's not an employer. So it could not avail itself of protection under the board. It really had a state court action for injunctive relief. So in response to your client's state court nuisance trespass lawsuit, the union could have then petitioned from the NLRB for what? For a violation of the NLRA. And what would be the violation? The enforcement of the time, place and manner rules? It would be interference with the secondary boycott. Would that ‑‑ By enforcing the time, place, manner rules. What would happen to the state court action in that instance? They could sue for declaratory relief to find that the rules were invalid or for if we wrongfully evicted them from the premises, they would have remedies for our enforcement of our rules. Had this gone to the NLRB, would the NLRB have had to have taken account of California's rules about malls? Yes, because the right to access property for terms of picketing and area standards type of picketing is dictated by state law, which is why in California you'll have Pruneyard and people get to come into shopping centers, but in other states, most other states, you do not. So the NLRB would look at what the state law was with regard to trespass and access to private property. If it's in area standards. If it's ‑‑ if the target is the employers, then they have other rights that are under federal law. But if you're just talking about access to private property for purposes of area standards picketing, state law controls, which is why the thrust and the crux of our complaint was addressing the location of the picketing and not the object of the picketing. And resolution of the object of the picketing, whether it was arguably prohibited or arguably protected, would have no impact on whether it was allowed to take place on the private property. I think my ‑‑ I'm showing I'm over time. I think we've had a number of questions for you. Thank you very much. The case is submitted. It was well argued and brief. We thank both counsel for an enlightening argument.  Thank you very much. Thank you, Your Honor.
judges: Chen, Gould, Bybee